

200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000   FAX: 914.449.1100   WWW.KBRLAW.COM

ALLISON A. WAASE
DIRECT: 914.449.1084
AWAASE@KBRLAW.COM

April 19, 2021

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Colon et al. v. MSMC Residential Realty LLC et al.
      S.D.N.Y. Civil Action No.: 1:19cv01197 (PAE)

Dear Judge Engelmayer:

As you know, the office of the undersigned represents the Defendants MSMC Residential Realty LLC, and Rose Associates Inc. in the above referenced matter. We write this letter in accordance with your Honor's Individual Rules of Practice 2(C), to request that the Court, pursuant to Federal Rule of Civil Procedure 26(c)(1), enter a Protective Order with respect to Plaintiffs' "Supplemental Responses to Initial Disclosures" dated April 15, 2021 and "Supplemental Responses to Initial Disclosures Interrogatories and Requests for Production" dated April 16, 2021.

A meet and confer took place telephonically between the parties to this matter on April 16, 2021 and the parties were unsuccessful in resolving the dispute outlined herein.

*Background*

The pending suit is a premises liability and claimed wrongful death matter. Pursuant to this Court's directives in an Order dated August 31, 2020, Docket Entry [44], fact and party depositions were to be completed by October 31, 2020; expert reports were to be served by December 1, 2020, all discovery was to be completed by January 16, 2021, and the case management conference was scheduled for February 18, 2021. The discovery schedule in this matter was modified by an Order dated December 2, 2020, Docket Entry [49], wherein the expert report deadline was extended to December 29, 2020, all discovery was ordered to be completed by February 12, 2021, and the case management conference was adjourned until March 15, 2021. In a subsequent Order dated March 11, 2021, Docket Entry [53], the March 15, 2021 case management conference was converted to a pre-motion conference.

As this Honorable Court is well aware, the parties appeared for the pre-motion conference and a robust discussion on the Defendants' anticipated Summary Judgment Motion took place. At no

Colon et al. v. MSMC Residential Realty LLC et al.
S.D.N.Y. Civil Action No.: 1:19cv01197 (PAE)
Page 2

time did Plaintiffs' counsel raise any issues with regard to outstanding discovery, either being sought by their office or owed to their office.

Notwithstanding, on March 23, 2021, an email was received from Plaintiffs' counsel requesting "the complete employment file for Mr. Gonzalez." The undersigned responded inquiring as to when the file was demanded, and also noting that the discovery obligations on behalf of the Defendants had been fulfilled during fact discovery. In response, Plaintiffs indicated that they planned on pursuing the employment file from Mt. Sinai Hospital via a non-party subpoena. The subpoena was served on March 24, 2021, and it was requested therein that Mt. Sinai provide responsive records by April 7, 2021. Ultimately, responsive records were served by Mt. Sinai on April 14, 2021, prior to your Honor's Order, Docket Entry [60], denying Plaintiffs' request for an Order compelling Mt. Sinai to respond.

Thereafter, without seeking the Court's permission to engage in further discovery, on April 15, 2021, Plaintiffs served "Supplemental Responses to Initial Disclosures" annexing a series of never seen before records purportedly from the Social Security Administration as well as Mount Sinai Hospital. The undersigned rejected the records, asked that they be withdrawn, and requested a meet and confer, which was scheduled for 3:00 pm on April 16th. Just prior to the scheduled meet and confer, and on April 16th, Plaintiffs served a further disclosure entitled "Supplemental Responses to Initial Disclosures Interrogatories and Requests for Production" annexing records from yet another new source "the Corvel Corporation" containing updated lien information. On the face of the April 16, 2021 disclosure it is not even clear what demand, request or interrogatory, the records annexed were intended to supplement.

*A Protective Order Should Be Issued*

As this Court already indicated, the fact discovery period in this case ended long ago, and prior to March 23, 2021, Plaintiffs had not previously advised either the Court or the Defendants of any outstanding discovery requests or disputes.

Fed. R. Civ. P. 26(c) provides that any party, for good cause, may seek a protective order to preclude or limit discovery "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). Before a Protective Order is issued, Rule 26(c)(1) requires a showing of "good cause." See, e.g., Kent v. The New York State Pub. Emps. Fed'n, AFL-CIO, 2019 WL 457544, at *1 (N.D.N.Y. Feb. 5, 2019); Burks v. Stickney, et al., 2017 WL 1401312 at *4 (N.D.N.Y, April 19, 2017); Schiller v. City of N.Y., 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007). A party may meet its burden to establish good cause by setting forth "particular and specific facts." See Sharpe v. City of Nassau, 2016 WL 7350690, at *4 (E.D.N.Y Dec. 19, 2016). Moreover, it is well established that "the party seeking a protective order has the burden of showing that good cause exists for issuance of that order." See Gamble v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004).

Here, a cursory review of the records received on April 15th and April 16th reveals that they are, indeed, not supplementary but rather completely new records from new sources. Based on the number of disclosures, the volume of information, and the various sources from which they supposedly stem, the Plaintiffs have obviously engaged in a further fact-finding expedition to obtain support to challenge Defendants' anticipated Motion. Simply put, the demonstrated pattern is a sandbagging tactic by the Plaintiffs that should not be countenanced by this Honorable Court.

Colon et al. v. MSMC Residential Realty LLC et al.
S.D.N.Y. Civil Action No.: 1:19cv01197 (PAE)
Page 3

While the Defendants maintain that the disclosures in no way derail the arguments that will be set-forth in the forthcoming Motions, an undeniable prejudice to the Defendants has resulted from their belated production. While the records served will not be sufficient to raise a triable issue of fact, Defendants have been hampered in our efforts by these distracting and late disclosures that must be reviewed, considered and addressed in the Motion. Defendants' deadline for filing the Motion is rapidly approaching and was set by the Court for April 26, 2021. Furthermore, the disclosures are becoming more frequent, and a fundamental unfairness exists in the Defendants being continuously surprised and confronted with new records and information while already well underway on a dispositive Motion.

In light of the foregoing, we believe that the records recently disclosed by the plaintiff in the April 15, 2021 and April 16, 2021 disclosures should be precluded and the plaintiffs should be barred from offering the records received into evidence during Motion Practice and Trial, and an Order should be issued preventing any further discovery disclosures.

*Plaintiffs' Position*

The Plaintiffs requested that it be communicated to the Court that they believe that their disclosures are appropriate pursuant to Federal Rule of Civil Procedure 26(e), and that Defendants cannot reject the disclosures served.

*Conclusion*

We respectfully request an extension of Defendants' time to file the Summary Judgment Motion, up to and including two weeks from the time this Honorable Court issues a decision on the within request for a Protective Order. We are similarly prepared to appear before the Court for a telephonic conference at the Court's convenience to discuss these issues with all parties present and/or we can provide the Court with copies of the April 15, 2021 and April 16, 2021 disclosures, should the Court require a review of them.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

*/s/ A. Waase*

Allison A. Waase

Enclosures

cc: (via ECF)

Nadia Lescott, Esq.
Michael B. Ronemus, Esq.
Ronemus & Vilensky
112 Madison Avenue #2
New York, New York 10016

Brittany Sarah Cates, Esq.

Colon et al. v. MSMC Residential Realty LLC et al.
S.D.N.Y. Civil Action No.: 1:19cv01197 (PAE)
Page 4


Joel T. Faxon, Esq.
Faxon Law Group
59 Elm Street
New Haven, CT 6510

The Court (1) denies the request to modify the summary judgment briefing schedule that the Court set on March 15, 2021 and (2) directs plaintiffs to respond by April 21, 2021, explaining why the discovery plaintiffs seek to add to the record should not be precluded for being produced long outside the period for fact discovery.  SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
4/19/2021