
**FaxonLawGroup**
───────── TRIAL LAWYERS ─────────

April 21, 2021

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Colon et al. v. MSMC Residential Realty LLC et al.
      S.D.N.Y. Civil Action No.: 1:19cv01197 (PAE)

Dear Judge Engelmayer,

Plaintiffs, in compliance with their continuing duty to disclose under Fed. R. Civ. P. 26(e); *McKinney v. Connecticut*, 2011 U.S. Dist. LEXIS 5059, 2011 WL 166199, *2 (D. Conn. 2011) ("fact that discovery has closed has no bearing on [d]efendant's duty to supplement under Rule 26(e)"); on April 15 and 16, 2021, sent the defendants 21 pages of materials (16 pages from the Social Security Administration recently received by plaintiffs' counsel, 3 pages from plaintiffs' workers' compensation insurer received the day it was provided to the defense, and the 2 page Mount Sinai Employment Verification Report that had already been supplied to the defendants – *see* Exhibit A, attached) related to the critical issue of plaintiffs' decedent's employment – one of the presumed bases for defendants' yet-to-be-filed motion for summary judgment.

As of the present time, the case remains months away from the completion of briefing on the motion for summary judgment, longer-still for argument on the motion, much longer even still for a ruling on the motion for summary judgment and many, many months away from jury trial (to counsel's knowledge – civil jury trials have not even recommenced – or are in their post-pandemic infancy- in the Southern District). Obviously, as the court has previously noted in its orders, the search for the truth – in this case, in part, who really is the employer? - is paramount. Preclusion is considered an "extreme sanction" that "should not be given lightly." *Pall Corp. v. 3M*, 279 F.R.D. 209, 212-13 (E.D.N.Y. 2011); *Titan Indus. Corp. v. Federal Ins. Co.*, No. 94 Civ. 726, 1995 U.S. Dist. LEXIS 10253, 1995 WL 438843, at *3 (S.D.N.Y. July 25, 1995) (describing preclusion as an "extreme sanction"). Such sanctions "will usually interfere with the overriding policy of deciding cases on their merits." *Pall Corp.*, 279 F.R.D. at 213.

The "harsh" sanction of preclusion – reserved for "egregious" misconduct - is certainly not appropriate here. *See id.* Where, as here, a party alleges that the opposing party failed to disclose documents it was required to produce, the "moving party bears the burden of showing that its adversary failed timely to disclose information required by Rule 26." *In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). To satisfy this burden, the moving party must demonstrate:
(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense. *Id.* "Any sanctions imposed by a court for

59 Elm Street, New Haven, CT 06510
Telephone: 203.624.9500  Fax: 203.624.9100
Toll-free: 866.351.9500 • www.faxonlawgroup.com

# FaxonLawGroup
###### TRIAL LAWYERS

failure to comply with discovery obligations, however, must be just and commensurate with the failure to comply." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009) (citing Fed. R. Civ. P. 37(b)(2)) (additional citation omitted); *see also Rivera v. New York City Housing Auth.*, No. 94 Civ. 4366, 1998 U.S. Dist. LEXIS 2816, 1998 WL 108032, at *1 (S.D.N.Y. Mar. 11, 1998) ("[A]ny sanction must be narrowly tailored to remedy[] the specific prejudice that the party seeking discovery would otherwise suffer.")." *Pall*, 279 F.R.D. at 213. Defendants can do none of these things.

First, the production is timely and second, there is no real prejudice that defendants can even articulate – as the information is largely confirmatory of other evidence that they already have – and they do not even ask for more discovery as a result of the production. Moreover, defendants' served Document Demands on the plaintiffs for "Copies of all documents related to the employment of the plaintiff decedent, MIGUEL GONZALEZ" and "Copies of all documents related to any Worker's Compensation claims made on behalf of the plaintiff decedent, MIGUEL GONZALEZ or his distributes" – *see* Exhibit B, Demand 4 and 5, attached. Defendants Document Demands instruct, "These Requests are continuing in nature and you are obligated to provide defendants with any new documents which concern matters referenced to herein and which come to your attention subsequent to the serving of your response to these Requests." Id. (Instruction #4.) In response to defendants' discovery requests, plaintiffs provided defendants with fully executed authorizations to obtain decedents' employment records and workers compensation records. Plaintiffs continued to supplement their responses in accordance with Rule 26(e) as well as the explicit instruction of the defendants. Defendants' present claim to this Court that they are somehow prejudiced by and/or do not know what discovery requests the plaintiffs' most recent disclosures are intended to supplement is disingenuous at best when, in fact, defendants demanded these documents, instructed that plaintiffs' responses be supplemented, and the plaintiffs have diligently supplemented the materials in accordance with Rule 26(e).

The only prejudice "claim" by defendants is that 21 pages of documents need to be considered – really by the time the reply brief is filed – and responded to. No claim is made that additional discovery, depositions or other fact-finding is required. Defense counsel is quite able and certainly competent to absorb these documents over the course of the coming month(s) by the time of oral argument on the motion. Curiously, as the claimed employer – seeking workers' compensation immunity – these are documents that the defendants themselves should have access to or knowledge of (e.g., income and FICA taxes paid by the employer and employee, the actual identity of the employer and employee in the eyes of the Social Security Administration, workers' compensation benefits paid to the employee by the employer). While plaintiffs did not delay in producing these documents – and, thus, committed no discovery violations, the law is clear that District Courts should consider "lesser sanctions prior to precluding evidence as a sanction for discovery violations." *Coene v. 3M Co.*, 303 F.R.D. 32, 42 (W.D.N.Y. 2014) (citing *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir.1988)).

While plaintiffs strongly believe that any sanction at all would be error and unjust, "[t]he Court's discretion in selecting an appropriate sanction is guided by a number of factors, including: '(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences of his noncompliance'". *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, 2011 U.S. Dist. LEXIS 105795, 2011 WL 4357188, at *7 (S.D.N.Y. 2011) (citations omitted). None of these factors can be established by the defendants.

# FaxonLawGroup
##### TRIAL LAWYERS

"To determine whether evidence should be precluded, a court should consider: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." *Gotlin v. Lederman*, 2009 U.S. Dist. LEXIS 78818, 2009 WL 2843380, at *3 (E.D.N.Y. 2009) (citations omitted). The evidence was timely disclosed by the plaintiffs in compliance with their continuing duty to disclose, the importance of the evidence is significant given that is clearly states someone other than the defendants was the plaintiffs' decedent's employer, and prejudice to the defendants consisting of the alleged need to ponder the evidence is insufficient. Furthermore, there is certainly the possibility of a continuance (although plaintiffs do not believe a continuance is necessary under the circumstances) if the court were to reconsider its prior denial of a continuance.

Another rubric applicable to Rule 37 provides for a range of possible sanctions for discovery derelictions (although no derelictions exist here). In determining what particular sanctions may be appropriate under the Rule, courts consider factors such as "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." *Sentry Ins. A Mut. Co. v. Brand Mgmt.*, 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009)); *accord SEC v. Setteducate*, 419 F.App'x 23, 24 (2d Cir. 2011). The goal in imposing Rule 37 sanctions is, "insofar as possible . . . [to] restor[e] the prejudiced party to the same position [it] would have been in absent the wrongful [withholding] of evidence by the opposing party." *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010) (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)), *appeal dismissed*, 706 F.3d 92 (2d Cir. 2013). The only diminution of position offered by the defendants is that they must consider the 21 pages in fashioning their arguments. Plaintiffs submit that this position change is so *de minimus* in the context of the evidence in this case to be irrelevant for purposes of consideration of this motion. Accordingly, any preclusion would be entirely inappropriate. *See U.S Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Nos. 12 Civ. 6811(CM)(JCF), 13 Civ. 1580(CM)(JCF), 2013 U.S. Dist. LEXIS 143398, 2013 WL 5495542, at *2, *4-7 (S.D.N.Y. Oct. 3, 2013) (declining to preclude evidence where party's failure to disclose required information was substantially justified and harmless, and where the violation was cured); *see also Schenk v. Mine Management*, 141 F.R.D. 3, 4-5 (S.D.N.Y. 1992) (preclusion denied where defendant had information necessary to prepare defendant and a "preclusion order would constitute an unnecessarily drastic remedy under the circumstances.").

Based on the foregoing, the plaintiffs should not be precluded from using the 21 pages of documents supplied to the defendants under the requirements of Fed. R. Civ. P. 26(e), in response to defendants' forthcoming motion for summary judgment, if appropriate.

Respectfully submitted,

Joel T. Faxon

cc: (via ECF)

59 Elm Street, New Haven, CT 06510
Telephone: 203.624.9500  Fax: 203.624.9100
Toll-free: 866.351.9500 • www.faxonlawgroup.com

The defendants are directed to file a reply by 5:00 p.m. on April 27, 2021. The Clerk of Court is respectfully directed to close the motion currently pending at docket 45. SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
4/22/2021