UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISSETTE COLON, *Fiduciary of Estate of Miguel A. Gonzalez*, and ELENA GONZALEZ,

                      Plaintiffs,

-v-

MSMC RESIDENTIAL REALTY LLC, et al.,

                      Defendants.

19 Civ. 1197 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

After the Court granted four discovery extensions, Dkts. 38, 40, 42, 44, discovery closed in this case on February 12, 2021. Dkt. 49. On March 15, 2021 the Court held a pre-motion conference, at which it discussed the issues on which defendants proposed to move for summary judgment, and set a schedule for summary judgment briefing, which will be completed by June 7, 2021. Dkts. 53–54. On March 29, 2021, the parties filed a joint stipulation of facts. Dkt. 58

On April 14, 2021, however, in an apparent effort to fill an evidentiary void noted in defendants' pre-motion letter, plaintiffs sought an order compelling a non-party to produce the records sought in a subpoena that had been served on March 24, 2021. Dkt. 59. The Court denied that request, explaining that "[t]he fact discovery period in this case ended long ago, and the parties have not until now notified the Court of any outstanding discovery requests or disputes, including at the March 15, 2021 conference at which the Court set the schedule, currently underway, for briefing summary judgment motions." Dkt. 59.

Nevertheless, on April 19, 2021, defendants filed a letter alerting the Court that on April 15 and 16 plaintiffs had again sought discovery out of time, this time by serving on defendants "Supplemental Responses to Initial Disclosures," relating to a series of records that defendants

had never been shown. Dkt. 61. Defendants asked the Court to preclude these records from receipt at trial, on the ground that fact discovery had ended long ago, and similarly preclude further belated discovery. *Id.* The Court ordered a response from plaintiffs and a reply from the defendants. Dkt. 62. Having now received both, *see* Dkts. 63. 78, the Court now grants the defendants' request.

Plaintiffs do not claim that the new records produced were intended to supplement a previous incomplete response to a timely discovery demand, or to correct a mistake in material previously disclosed. *See* Fed. R. Civ. P. 26(e). Plaintiffs do not articulate any reason as to why they did not timely seek or disclose the new discovery during the period of fact discovery. Their pursuit after the fact discovery deadline would effectively self-arrogate a discovery extension. But "[t]he management of discovery lies within the sound discretion of the district court." *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 561 (2d Cir. 1997). The Court accordingly holds that the additional discovery material that plaintiffs disclosed on April 15-16 is precluded as untimely, as fact discovery had ended long beforehand, and bars plaintiffs from seeking any further discovery without express permission of the Court, on a showing of good cause. *See Shaheen v. Naughton*, 222 F. App'x 11, 13 (2d Cir. 2007) ("it was plainly within the court's discretion to deny" a motion for a discovery extension where there had been a "seven-month discovery deadline" and no "statement of good cause"); *Pro. Sound Servs., Inc. v. Guzzi*, 159 F. App'x 270, 272 (2d Cir. 2005) (affirming denial of a discovery extension where movant "provided no explanation for its failure to bring a motion to compel discovery earlier").

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 3, 2021
       New York, New York